JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:26-cv-08499-MCS-SK** | Date | October 16, 2026 |
| Title | ***Cumulus Broadcasting LLC v. Sommer Frisk*** | | |

Present: The Honorable Mark C. Scarsi, United States District Judge

| | |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER RE: MOTION TO REMAND (ECF NO. 11) AND MOTION TO DISMISS OR QUASH SERVICE (ECF NO. 10) (JS-6)**

Plaintiff Cumulus Broadcasting LLC moves to remand this action to the Ventura County Superior Court. (Mot. to Remand, ECF No. 11.) Defendant Sommer Frisk moves to dismiss the complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) or, in the alternative, to quash service. (Mot. to Dismiss, ECF No. 10.) The parties filed combined briefs addressing both motions. (Opp'n, ECF No. 14; Omnibus Br., ECF No. 15.) The Court deems the motions appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

## I. BACKGROUND

Defendant worked for Plaintiff as a vice president and market manager until January 2026, when she left to work for a competitor, Connoisseur Media. (Helm Decl. ¶ 2, ECF No. 11-2; *id.* Ex. A ¶¶ 6, 9–15, ECF No. 11-3.) On June 8, 2026, Plaintiff sued Defendant in Ventura County Superior Court, asserting claims for breach of contract, fraud, misappropriation of trade secrets, and related torts. (*See generally* Helm Decl. Ex. A.)

Between June 9 and June 12, 2026, two process servers attempted to serve Defendant. One process server, Kerri Tillman, went to an address in Thermal, California, which an address search indicated was Defendant's new residence, but found what appeared to be vacant land and could not locate a residence. (K. Tillman Decl. ¶¶ 2–3, ECF No. 11-7.) Tillman also attempted service at Connoisseur Media's office in Palm Springs, where Defendant works, at approximately 3:10 p.m. on June 9 and 4:00 p.m. on June 10. (*Id.* ¶¶ 4–5.) Each time, a locked gate blocked access to the parking lot and building; Tillman saw no way to alert anyone inside and saw no one during waits of 10 to 15 minutes on June 9 and nearly two hours on June 10. (*Id.* ¶¶ 4–6; *id.* Ex. 1, ECF No. 11-8.)

On June 12, a second process server, Summer Tillman, returned to the Palm Springs office at approximately 10:00 a.m., waited at the gate for about an hour and a half without seeing anyone, and then drove around the property until she found a separate entrance. (S. Tillman Decl. ¶¶ 3–4, ECF No. 11-9.) There, she encountered a woman holding the door open for a group of five or six people leaving the building. (*Id.* ¶ 4.) The woman, Jamie Steinberg, greeted the process server, invited her inside, and asked what she could do for her. (*Id.*) The two spoke beside an unstaffed reception desk; no one else was present. (*Id.*) The process server explained that she had legal documents for Defendant. (*Id.*) Steinberg gave her name, said she was "in Sales," stated that Defendant was away for personal reasons with no specific return date, and offered to accept the documents and leave them in Defendant's office. (*Id.*) The process server left the summons and complaint with Steinberg and watched her walk down the hall toward what the process server understood to be Defendant's office. (*Id.*) That day, the process server mailed copies of the documents to Defendant at the office address. (*Id.* ¶ 5.)

Defendant does not dispute that she received the documents. Five days later, on June 17, 2026, her counsel emailed Plaintiff's counsel a copy of the summons and complaint, stating that Plaintiff had "attempted to serve Sommer Frisk with the attached lawsuit but left it in the hands of a random employee." (Helm Decl. Ex. E, ECF No. 11-6; *see* Helm Decl. ¶ 6.) Defendant removed the action to this Court on July 22, 2026, invoking diversity jurisdiction. (Notice of Removal, ECF No. 2.)

Defendant attests that she worked at the Palm Springs office during regular business hours, that she was in the office on June 9 and June 10, that the building had a public front entrance with a doorbell, and that no process server asked for her. (Frisk Decl. ¶¶ 3–9, ECF No. 14-3.) She left Palm Springs on June 11 to attend her

father's funeral and was not in the office on June 12. (*Id.* ¶ 10.) Steinberg was one of seven account executives at the office, reported to Defendant, and had no managerial authority. (*Id.* ¶¶ 12–15.)

## II. LEGAL STANDARD

Only the standard governing the motion to remand need be recited here. A defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). But an action removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2). The forum defendant rule is procedural rather than jurisdictional, so a plaintiff must raise it in a motion to remand filed within 30 days after the notice of removal. *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939–42 (9th Cir. 2006); 28 U.S.C. § 1447(c). The removal statute is strictly construed against removal, and the removing defendant bears the burden of establishing that removal was proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Whether a defendant was properly served before removal is determined by the law of the state in which the action was filed. *See Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir. 1993), *overruled on other grounds by*, *Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). Under California law, if a summons and complaint "cannot with reasonable diligence be personally delivered to the person to be served," the summons may be served by leaving a copy of the summons and complaint at the person's "usual place of business . . . in the presence of . . . a person apparently in charge of their office, place of business, or usual mailing address . . . , at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Cal. Civ. Proc. Code § 415.20(b). Service "in this manner is deemed complete on the 10th day after the mailing." *Id.* Statutes governing substitute service are "to be liberally construed to effectuate service and uphold jurisdiction if actual notice has been received by the defendant." *Bein v. Brechtel-Jochim Grp., Inc.*, 6 Cal. App. 4th 1387, 1392 (1992) (quoting *Pasadena Medi-Ctr. Assocs. v. Superior Ct.*, 9 Cal. 3d 773, 778 (1973)).

## III. DISCUSSION

Defendant does not dispute that she is a citizen of California, the state in which this action was brought, or that Plaintiff's motion to remand is timely. The only question is whether Defendant was "properly . . . served" before she removed the action. 28 U.S.C. § 1441(b)(2). Defendant contends that substitute service was invalid because Plaintiff did not exercise reasonable diligence before resorting to it and because Steinberg was not a person "apparently in charge" of Defendant's office. (Opp'n 9–15.) The Court disagrees on both points.

### A. Reasonable Diligence

"Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." *Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (1988) (ellipsis in original) (internal quotation marks omitted); *accord Bein*, 6 Cal. App. 4th at 1391–92. Here, process servers attempted personal service at Defendant's usual place of business on three different days, at different times of day, waiting nearly two hours on one occasion and an hour and a half on another. (K. Tillman Decl. ¶¶ 4–5; S. Tillman Decl. ¶¶ 3–4.) And when the process server finally gained access to the building on June 12, she learned that Defendant was away for personal reasons with no specific return date. (S. Tillman Decl. ¶ 4.) Defendant confirms that she was out of town that day for her father's funeral. (Frisk Decl. ¶ 10.) Plaintiff's efforts satisfy the reasonable diligence standard. The Court need not resolve the parties' dispute about the process server's attempts at the Thermal address because the attempts at Defendant's place of business are sufficient on their own.

Defendant's arguments to the contrary are unpersuasive. Defendant argues that the process servers should have found the building's front entrance sooner, called or emailed her, or obtained her home address through postal forwarding records. (Opp'n 10–13.) Reasonable diligence does not require a plaintiff to exhaust every conceivable avenue before resorting to substitute service; it requires a good faith effort at personal service, which the record here reflects. That the process servers might have located the front entrance more quickly does not make their repeated, extended attempts at the gated property perfunctory. Nor is Defendant's account that the facility was busy and accessible through the front entrance inconsistent with the process servers' account that they saw no one at the rear gate. Defendant's reliance on the Judicial Council comment to California Code of Civil Procedure section 415.50 is also misplaced. That statute governs service by

publication, a method of last resort that rarely results in actual notice, and the thorough investigation it demands does not carry over to substitute service under section 415.20. Finally, *Joe Hand Promotions, Inc. v. Saddeldin*, No. 1:09-cv-02197-AWI-GSA, 2014 WL 1877428 (E.D. Cal. May 9, 2014), is distinguishable. There, the plaintiff made no attempt to serve the defendant at his home and attempted service at a restaurant with only a suspected and unverified connection to him. *Id.* at *7. Here, it is undisputed that the Palm Springs office was Defendant's usual place of business.

### B. Person Apparently in Charge

Section 415.20(b) does not require that the recipient of substitute service be the defendant's agent for service of process or hold a managerial title. The statute requires only that the recipient be "apparently in charge" of the defendant's office or place of business. Cal. Civ. Proc. Code § 415.20(b). The purpose of the requirement is to ensure that the documents are left with a responsible person whose relationship with the defendant makes it more likely than not that the documents will reach the defendant. *See Bein*, 6 Cal. App. 4th at 1393–94 (holding that gate guard who controlled access to defendants' residence was a person apparently in charge); *Hearn v. Howard*, 177 Cal. App. 4th 1193, 1202–03 (2009) ("The evident purpose of Code of Civil Procedure section 415.20[,] . . . to permit service to be completed upon a good faith attempt at physical service on a responsible person[,] . . . was achieved by service on the clerk at the post office box store where appellant rented a post office box." (internal quotation marks omitted)). The recipient must have some reasonable connection to the defendant; leaving papers with any employee who happens to be present is not enough. *See Chinese Theater, LLC v. Starline Tours USA, Inc.*, 115 Cal. App. 5th 1048, 1059–60 (2025).

The circumstances here satisfy the standard. When the process server arrived, Steinberg was controlling the door to the building, admitted the process server, and spoke with her beside an unstaffed reception desk where no one else was present. (S. Tillman Decl. ¶ 4.) From the process server's perspective, Steinberg was the person handling visitors at the office. Steinberg knew Defendant, knew that Defendant was away for personal reasons, and offered to place the documents in Defendant's office. (*Id.*) Defendant herself attests that Steinberg worked in the same office and reported to her. (Frisk Decl. ¶ 12.) That relationship made it more than likely that Steinberg would deliver the documents to Defendant, and she did: Defendant's counsel had the summons and complaint within five days. (Helm Decl. Ex. E.) Defendant did not submit a declaration from Steinberg disputing the process

server's account of their exchange. This case is unlike *Chinese Theater*, where the documents were left with a bus washer employed by a different entity who did not work in the office and had no apparent relationship with the defendant. 115 Cal. App. 5th at 1060.

Defendant's evidence that Steinberg was an account executive without managerial authority or authority to accept service does not change the result. (Frisk Decl. ¶¶ 12–15.) The statute asks whether the recipient was *apparently* in charge, judged by the circumstances that confronted the process server, not whether she was actually in charge or formally authorized to accept service.

The remaining statutory requirements are not in dispute. The process server left the documents at Defendant's usual place of business, informed Steinberg that they were legal documents for Defendant, and mailed copies to Defendant at the same address the same day. (S. Tillman Decl. ¶¶ 4–5.) Service was therefore complete on June 22, 2026, ten days after the mailing, and a month before Defendant removed the action. Cal. Civ. Proc. Code § 415.20(b). Because the Court concludes that Plaintiff complied with section 415.20(b), it need not reach Plaintiff's alternative arguments that it substantially complied with the statute or that the Court should decline to permit snap removal.

### C. Remand

Defendant, a citizen of California, was properly joined and served before she removed this action. The forum defendant rule therefore barred removal, and Plaintiff timely objected. 28 U.S.C. §§ 1441(b)(2), 1447(c); *Lively*, 456 F.3d at 939–42. Remand is required.

Defendant argues that the motion to remand should be denied because Plaintiff did not comply with Local Rule 7-3. (Opp'n 15–16.) The record reflects that the parties met and conferred about the sufficiency of service, the issue at the heart of both motions, before Plaintiff filed its motion, and Defendant fully briefed her opposition. (*See* Jarem Decl. ¶¶ 3–9, ECF No. 14-2.) Even assuming the conference was deficient, Defendant suffered no prejudice, and the Court declines to deny the motion on this basis.

Because service was proper and remand is appropriate, Defendant's motion to dismiss or quash service is denied as moot.

### D. Attorney's Fees

Plaintiff requests an award of attorney's fees under 28 U.S.C. § 1447(c). (Mot. to Remand 10; Omnibus Br. 14.) "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Removal is not objectively unreasonable "solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Defendant's removal rested on a colorable challenge to substitute service. The proof of service on file at the time of removal identified the recipient only as "Jamie Steinberg, Sales," and did not describe the circumstances on which the Court now relies to deem service effective, which Plaintiff first set out in declarations submitted with its motion to remand. Defendant's position, though ultimately unpersuasive, was not objectively unreasonable. The request for fees is denied.

## IV. CONCLUSION

The motion to remand is granted, the motion to dismiss or quash service is denied, and Plaintiff's request for attorney's fees is denied. The Court remands the case to the Ventura County Superior Court, No. 2026CUBC067430. The Court directs the Clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**